All right, be seated please. Our next case we'll hear this morning is United States v. Melvin and Ms. Lyston, we'll hear from you. No, got the wrong one? No, that's correct. Okay, okay. May it please the court, Jenny Lyston for Gilbert Melvin. Your honors, in United States v. Layman, this court established that a sentence is imposed when it is orally pronounced. Layman further established that once imposed, that sentence may not be altered, even at the continuation of the same sentencing hearing, absent clear error under Rule 35A or a few other exceptions not applicable here. Here, at JA 91, after all the parties have jointly recommended the lowest possible sentence for Mr. Melvin, and after the court has personally interacted with Mr. Melvin, you have the court saying, okay, I'll agree to the termination and time served and the termination of his supervision. Now, your honors, contrary to the government's argument, that was not a tentative sentence. That was the final pronouncement of sentence and we know that from at least four pieces of record evidence. Because the docket entry said sentence to time served. Correct, your honor, that is one of the pieces of evidence. That's at JA 24 and 25. Also, at JA 92, you have, after defense counsel, the court has pronounced the sentence, defense counsel says, thank you, your honor, the probation officer says, thank you, your honor, and then you have Mr. Melvin asking, is that it? And the court confirms, that's it. So, in other words... Let me ask you something. Pardon? Let me ask you something. Yes, sir. The rule anticipates that this 32.1 anticipates that revocation and sentencing will be done at a hearing. And clearly, the hearing wasn't over. The hearing continued. And so, you're suggesting that during the course of a hearing, because the judge says something that is final, he has not, during the course of the same hearing, he can't say, oh, I think I'm going to change my mind. The reason I'm asking this is because the same rule says that the judge has to listen and hear the defendant out. And whether it's by allocution or any other sense. And this defendant said, after the judge said these final things, and basically it looked like it was at an end, the defendant says, your honor, I'd like to say something. Now, the defendant gets up and he says, I want to express remorse. You gave me a sentence at this and that, and you didn't recognize that I'm now a redeemed man, I've done this. And he spends 10 minutes explaining all this. And the judge gets infatuated with it and said, OK, I'll give you a reduction. Now, the judge heard him out, as required by the rule. The hearing had not been over. The rule anticipates a hearing. And your argument would say that's illegal. And it just doesn't seem to strike with the rule or common sense to me, to make an argument that the judge can't change his mind during the course of the very same hearing. Do we have a case that says he can't? You don't have any cases that say you can't. So what the government is asking you to adopt is this- No, I'm asking you what you're doing. You're basically saying what the judge said is final and can't be changed. Under these circumstances, absolutely. Where we have so many contextual indicators that this- Oh, it's clear. The judge intended it, no question about it. And then the defendant says, I want to say something. And I don't know whether that's allocution or whatever, but the judge heard him out. And Judge Niemeyer is posing to you, instead of punishing your client more, in this hearing it out period, he would give your client a break. And that's- No, Your Honor. You couldn't give him a break. You could not give him a break under what we have now, if it was very clear on the record, as it is here, that this was a final sentence the court imposed. Now, of course, this- But it's in the same hearing. It is the same hearing. Not only is it the same hearing, the hearing is not finished. Right. So this court cannot and should not adopt the Ninth Circuit's approach for several reasons. One, I think it conflicts with layman, right? What's layman say? Didn't we say in layman that the district court can't modify a defendant's sentence because of, quote, a change of heart by the sentencing judge? Precisely, Your Honor. And recall also that in layman, that the- Was it during the same hearing? It was, actually, because the district court actually found on the record that it was a continuation of the same hearing, that the first sentence had not been final, and continued it. When this court decided this opinion in layman, it did not dispute that it was a continuation of one sentencing hearing, and yet said you did not have the ability to change- How much time was in between? I think it was about a month. That's a lot different. But again, the district court found that it was a continuation of the same hearing. Well, I understand. Well, other circuits have come up with the idea that when there is a formal break, there clearly was a formal break here. Well, I mean, that- So that is one of the difficulties in adopting this new rule, Judge Motz, because you're going to have to decide what is a formal break in the proceedings, because that's what the Ninth Circuit says. As long as there's no formal break in the proceedings, the court can impose, reimpose, retract, do anything it wants, as long as there's been no formal break in the proceedings. And what you're going to have, then, in that situation, is you're going to have the idea that anyone can come to the sentencing hearing, and as long as you keep on talking, as long as, even if the court has already pronounced a sentence, if you keep on talking, you have a shot at a different sentence. So what we're going to have- That's what allocution's about. So what we're going to have- And what's the order of allocution? Does the rule say the allocution has to occur at the beginning, or the court has to hear it out? What if the court, what if the defendant, the court asks the defendant to allocute, and the defendant said, I have nothing to say, and the court then imposed sentence, and then the defendant says, Your Honor, I do have something to say. I'd like you to hear me out. Would the court have to hear him? No, Your Honor. Well, that's pretty strange, because the rule says you have to hear him. So, Your Honor, obviously our position is also that this was in no way allocution by Mr. Miller. He says, I have something further to say. And he said something very prejudicial. The court took it as a threat to the probation officer. But quite apart from the substance, the issue here is not the substance. The issue here is your notion that the court came to a firm decision, a final decision, and indicated it was a final decision. And then there was a statement by the defendant, and then there was a change of position, all during the same hearing. Well, there was a withdrawal of the sentence. He said he was going to withdraw the sentence. I didn't impose anything else until after... It's the same hearing. The question is, when the rule requires a hearing, you would think that the rule is carried out by a hearing, a complete hearing, not a fragmentary hearing. So, Your Honor, the rule is that the sentence is imposed when it is orally pronounced. So, we have a pronounced sentence. And Rule 35A says you don't get to change it. Add a hearing. And you're suggesting add a fragment of a hearing. So, the courts make all kinds of mistakes they want to correct during the same hearing. And they have all the flexibility in the world to make changes to deal with unexpected post-sentencing developments. Think of all the tools the district court has in its toolbox. For actual error, you have Rule 35A. You have criminal contempt. If the defendant's conduct rises beyond criminal contempt... We're not facing that. We're not facing a situation where the hearing's ended and now you're going to go back and try to change things. The only thing that usually follows a hearing is the entry of judgment. And we've held that the hearing controls over the judgment. We all know that. But the question here is, during the course of the hearing, we have a change of position. And regardless of how firm it is, we have a clear change of position. And we have a statement by the defendant that prompts it. And the question is, this dialogue, I asked you if it was reverse. He missed his allocution because he didn't think he would help. And then he decided he wanted to allocute after the judge came to his final decision. And he allocated. And then the judge said, oh, OK, I wish you'd done that before. I understand. And I'm going to take off seven months. At the same hearing. Same hearing. And you say that's ineffective. And I... And so what you're going to have under that rule is, give the sentence, then the defendant stands up and talks and convinces the judge to give maybe even a lower sentence. What's wrong with that? Well, then you have the victim standing up and saying, well, Your Honor, something he said... The judge can hear everybody out. Or the judge can adjourn the hearing. The judge controls the hearing. But my point is, it doesn't matter what order and what prompt. That's what the whole process of a hearing is about. To hear people out. And the question is, it seems to me we ought to come to an end of a hearing before we determine what happened at the hearing. And so, Your Honor, if this court adopts that approach, again, I would say that it's contrary to the plain language of Rule 35C. It's contrary to the plain language of 3582C. I would stand on all the reasons that the dissent says in the CHOA. What's a language of 35 that says you can't... That the sentence is imposed when it is orally pronounced. And so, we don't have anything that would... At a hearing, though, it's implicit at a hearing, because 32B, or 32.1B, requires a hearing. And so it's imposed at a hearing. And it's pronounced at a hearing. But it's pronounced as a result of the hearing. And when the hearing's over, it's done. And so our position, Your Honor... I know your position. You want to have half the hearing. Right? No, Your Honor. I'm simply saying that the court here did not have any authority to alter what was a final sentence. Specifically, when it was very clear that it was a final sentence, we don't think that there is any rule from this court. And it actually conflicts with laymen, which, again, in laymen, it was at a continuation of the same hearing. This court didn't dispute that characterization of laymen as being imposed at the same... At a continuation of the same hearing. And I would note that the court didn't... I don't know if the same hearing's a continuation of sentencing. But it's not the same hearing. The hearing ended. And a month, you say, a month passed. Well, in this case, of course, four hours passed before the court came back together. Well, that was a recess. That was a recess during the hearing. And the court made it clear that was it. Yes, Your Honor. So I think you're going to have to be very careful about how you define a formal break in the proceedings because many times you have sentencings where there's just one defendant after another and there's no real break in the proceedings. So, again, I would go back to all the reasons stated in Ochoa that this is a bad rule, that you don't have any... What's the downside? What's the downside if a judge is told by a court, a district judge is told to hear everybody out and to reserve your final judgment until the end of the hearing? What is the downside of that? Because then after the court gives that sentence, then you're going to have everyone in the courtroom stating... What's wrong with that? That's not how we want our sentencings to go. Why? That is going to prolong our sentencing hearings by miles. Maybe the court could say, you know what, actually, I haven't yet made up my mind, so let's come back this afternoon and I want to hear more. He can do that. He can do that a lot. And what's wrong with prolonging a sentence? Is there any policy against prolonging sentencing hearings? Again, I think it's contrary to layman and it's contrary to the plain language of the rules. Mr. Melvin's supervision had been terminated. He should have been allowed to walk out that door. The court did not have any authority over him. Your Honours, I would just point to... In terms of more finality, you also have, in addition to Judge Thacker, noting that on the docket it was final. And I just wanted to point out that this moment in the hearing where Judge Melvin... Excuse me. Where Mr. Melvin asks, is that it? That was a very important moment in the hearing because Mr. Melvin, as we all know now, very definitely wanted to tell the court something, but it had nothing to do with his sentence because he had already received the lowest possible sentence. He wanted to complain about his probation officer, but he didn't want to do that until he felt it was safe to do that, until he knew that he was no longer going to be supervised by the very man that he wanted to complain about. And that is why he asked, is that it? And the court confirmed, is that... That is it. And then you have on JA95, you have the court specifically saying, I'm going to withdraw my previous rulings. The court cites no authority for its ability to withdraw that sentence. The government does not argue there was any clear error under Rule 35A. The court... This was not... Again, this wasn't a tentative sentence. So, yes, Your Honours, if you want to adopt the rule from the Ninth Circuit, there's... Why do we have to adopt a rule from anybody? Why don't we just read the rules? In other words, I'm suggesting that the governing rule is Rule 32.1B. Yes, Your Honour, except that Rule 32.1B simply says, defendant has a right to allocute. 32.1B simply says the defendant has a right to allocate. And, again, our position is, this had nothing to do with allocution, right? This was a post-sentencing complaint... I don't have the rule in front of me, but doesn't the rule go broader? Doesn't it talk about hearing witnesses and evidence? In other words, a fulsome hearing that is dictated by whatever people want to say in the courtroom. But not as full as under Rule 32, Your Honours, right? So, we're going to regulate the course of the hearing and saying the hearing automatically came to an end when he said, this is it. I think we want our sentencing courts not to act on impulse, not to give a hasty decision, not to be reacting to everything that may happen. We want our... Maybe longer sentencing hearings should be called for then. We should say the court should have a hearing so long as he can be reflective of being sure he's doing the right thing. And that's not the rule we have. There's nothing in the statute or the rule that says, as long as the sentencing hearing hasn't concluded, the district court can impose, reimpose, withdraw as many times as he likes. That's not the rule we have. And I would urge the court not to adopt that rule. Thank you, Your Honours. All right, thank you. All right, Mr. Lozar. May it please the court, Charles Lozar for the United States. Picking up where Judge Niemeyer left off on Rule 32.1b, the rule does provide for a number of things, including disclosure of the evidence against the person and an opportunity to appear and present evidence. And notably, the rule provides the defendant an opportunity to make a statement and present any information in mitigation. Before that, Rule 35a says that when the sentence is orally pronounced at the hearing, that's the end of it. Wasn't it orally pronounced several times in multiple different ways? As indicated on the docket, what the sentence was? And then the court said that's it? Well, Your Honour, even assuming that the sentence was orally imposed? Well, I mean, I don't have to assume it. It says it on the docket. Yes, Your Honour, although the docket... And the court said it. The court said, I'm going to sentence him to time serve and put him off supervision. Yes, Your Honour, that doesn't end the analysis, though. Rule 35c clarified that the sentence was the oral imposition of the sentence, not to strip the court of... I'm sorry, what did you say? Rule 35c clarifies that sentence means the oral imposition of the sentence. The oral? Oral imposition of the sentence. But doesn't Rule 35c only say you can change the... There was a technical error or clear error? Yes, Your Honour, but... So what was the technical or clear error here that caused the change? The sentence wasn't imposed until the hearing was adjourned, Your Honour. The Rule 35c clarifies that sentence means oral imposition of the sentence, not because Congress intended to strip the court of jurisdiction... Square that with 35a that says an announcement of the sentence, oral announcement of the sentence. Yes, Your Honour, in the 2004 advisory committee notes, it makes clear that oral imposition of the sentence... That the Rule 35c clarified that it was the oral imposition of the sentence in contradistinction with the written judgment, not the moment that the sentence is orally imposed. And that was done in recognition of the defendant's Sixth Amendment right to be present at the hearing. And that's what happened in Layman. Layman predates the amendment to Rule 35. Right, but the amendment sort of affirms our position in Layman. It doesn't... It's not at odds with Layman. It affirms our position that the court can't have a change of heart. Absolutely, Your Honour, but in Layman, the court imposed a sentence on May 17th. That was the holding in Layman. And then it only ex post said that it was a continuation of the hearing when it convened the hearing weeks later. And why did the government have a change of heart here? The government was in agreement with defense counsel all through the hearing and up to the oral pronouncement of sentencing and even after the break. Your Honour, I believe that after the break, the record reflects that the parties agreed that a continuation of supervised release and the addition of a mental health condition was prudent. That's correct. And the reason for that is because there were changing circumstances in the hearing. And that's what... And speaking of the changing circumstances, where is the threat to the probation officer? Your Honour, the... I think that it's prudent to defer to the district. If there actually was a threat, you'd have that on the tip of your tongue. I couldn't find one either. The district court clearly found in the context of the entire sort of five-minute statement... Didn't he say there was a rant? I mean, I don't think there's a threat either, but... There definitely was a rant, yeah. Your Honour, I believe that there's good reason to defer to the experienced district judge here. He saw the full record before him. He knew the defendant and the defendant's history, and he determined that in the context of this minutes-long rant... And he knew all... The district court knew all that when it imposed... when it orally announced the sentence that it did and said that's it. I don't believe that's correct, Your Honour. I think the rant was after that, wasn't it? Yes. Yes, Your Honour. And I believe that the court learned new information from the rant. And the court, sort of adapting to those changing circumstances, determined that to protect the public and the probation officer and the court, that it needed to continue the defendant on supervision and to add a mental health condition. And those are 3553A factors that the court should be considering. There's good reason to allow the district court flexibility, too. Congress limited the district court's reach in Rule 35A to promote openness and finality at sentencing. That's reflected in United States v. Fields, which both parties cite. But there was finality when the district court said that's it. Your argument is at odds with finality, at least as opposing counsel has described it. Your Honour, I'm not sure that the defendant and the public and the party's interest in finality is violated when the district court previews or imposes a sentence two minutes into a hearing. The defendant goes on a five-minute rant. Did you say previews a sentence? You said previews or imposes. The district court imposed the sentence. Yes, Your Honour. There was no preview. Yes, Your Honour. Okay. So even if the court imposes a sentence,  the defendant is given the opportunity to make a statement and then the court immediately states on the record that he's going to withdraw his rulings, that he's going to impose a different sentence. And so the interest in finality I don't think is violated in the period between minute two and minute seven where the court imposes the first sentence and the defendant makes a statement and then the court says that it's going to impose a different sentence. And as Judge Niemeyer suggested with his earlier question, there is good reason for both the government and defendants to allow the court to adapt to changing circumstances. As the court in Ochoa said, there could be a late arriving character witness for the defendant after the court has imposed a sentence. There could be a crucial piece of evidence. And, of course, this case is a good example of that. The court was inclined to and did agree with the party's recommendation to terminate supervision, but then it learned new information. It learned that in its estimation the defendant was a threat to the public. It learned that the defendant needed mental health treatment and so it imposed a new sentence. Ochoa is another good example of that. The court there imposed a sentence and then the court saw that the defendant was laughing, which signaled to the court that the defendant wasn't taking seriously his own rehabilitation. And so the court imposed a new sentence. And so allowing a district court to adapt to changing circumstances within the same hearing is entirely consistent with Rule 35 and with this court's precedence. Just addressing briefly my colleague's argument about contempt, the record reflects that the district judge was not seeking to punish Mr. Melvin for the outburst of the rant. That's not what was happening. The court explicitly said that he felt the need to protect the public and to provide mental health treatment for the defendant. And so contempt would be an inadequate remedy here. And so that is why the court imposed a different sentence rather than resorting to something like contempt. And unless the court has further questions, I think it's time. Thank you. Judge Leister. Thanks, Your Honor. I do think it's striking, Judge Thacker, that it's questionable how much information the court truly learned through Mr. Melvin's complaint because it's striking to me that the court didn't ask a single question about Mr. Melvin's mental health condition, what medications he was taking, why he would have been in danger. Mr. Melvin had been before him before, right? He was not the original sentencing judge, but Judge Boyle did reduce his sentence under the First Step Act. Yes, that's correct. And there was a hearing? There was a hearing, Your Honor. I'm not sure that any of Mr. Melvin's mental health conditions came up at that hearing. But he had the record. He did have the record. I mean, the district court had it, you know, just as we do. He had the PSR. I'm not sure there was anything about Mr. Melvin's mental health condition in the original PSR. Again, I would just emphasize that I don't think that this court would want to adopt the approach in ACHOA. I don't think there is any authority for it, and it is going to lead to prolonged sentencing hearings with a court being able to make very impulsive sentencing decisions just on the basis of this person standing up, this person standing up saying more, oh, I'm going to reduce it, oh, now I'm going to give you more. I don't think that's how we want our sentencing hearings to proceed. Is it your position that the district court always comes to the sentencing hearing with a clear idea of what he's going to sentence? I thought that you listened to what was going on at the sentencing hearing and you formulated your sentence that way. Absolutely, Your Honor. And if the district court had said in the beginning, well, I think that you need to serve several more years, and then during the hearing your client had demonstrated really great acuity, and the district court said, well, no, I think I was wrong there. I think you can be released now, that would be improper? I think it would depend on whether or not that initial pronouncement of sentence was truly final or whether it was merely tentative. And how do we determine if it's truly final? Well, here I think you have all the contextual indicators, Your Honor. You mean that something's written down by a clerk? Is that what you're saying? No, Your Honor. There's several points, again, in the record that shows that this was final. The fact that he said that's it. The fact that he said he was withdrawing his rulings. Obviously, you don't know. Put exactly those facts, then, in my question where he's decided that he's withdrawing his ruling, that's it. And then he hears what your client has to say, and he says, no, I'm going to withdraw my ruling and I'm going to give him on time, free him now. Again, under layman, unless there's been clear error under Rule 35A, I don't think that the court is allowed to do that. That's exactly what happened in layman. The court took more evidence and decided to reduce the sentence. This court said you could not do that because the initial pronouncement of the sentence was the governing sentence, it was final, and the court did not have the authority to reduce it. I must say, I haven't researched this in the development of Rule 35C, but I've always thought that that was a resolution of the tension between an oral pronouncement and a written judgment. In other words, what happens, and we still get that, what is said at the hearing where the defendant is present and what is said on the judgment. And we have held, and the rule provides, that the oral pronouncement governs. But I'm not sure that that should be interpreted to mean that in issuing the oral pronouncement the court can't ruminate, change his mind, consider other things regardless of what he says until the end of the hearing. Once the hearing's over, the judgment's entered, and the judgment has to follow what he pronounced at the hearing. But that's what I thought the scope of 35 was, but maybe I'm wrong on that. And we would just respectfully disagree, Your Honor. We believe that the original imposition of the sentence was the final sentence. We would ask that this court vacate the order and remand this for imposition of the original sentence.
judges: Paul V. Niemeyer, Stephanie D. Thacker, Diana Gribbon Motz